## SUPREME COURT — SPECIAL TERM — WASHINGTON COUNTY.

### July, 1917.

THE PEOPLE ex rel. STEWART S. WALLACE v. JAMES M. CARTER, HENRY J. McCANN and WILLIAM TOWNSEND, Constituting the Board of Parole for the State of New York.

(100 Misc. 525.)

PRISON LAW, § 212—CRIMINAL LAW—FORGERY—STATUTES—APPLICATION FOR RELEASE UPON PAROLE.

Relator convicted of forgery on November 29, 1912, and sentenced to a State prison for a term of not more than five years and five months and not less than two years, eight months and fifteen days, was received at Sing Sing prison on December 2, 1912, and while he was in Great Meadow prison to which he had been transferred on July 2, 1914, he was indicted for a forgery charged to have been committed prior to the one for which he had been sentenced, and upon his plea of guilty, after arraignment on November 6, 1914, he was given a sentence of two years "to commence immediately upon the termination of the first sentence." *Held*, that relator was entitled to have his application for release upon parole, duly and regularly made to the court of parole pursuant to section 212 of the Prison Law, heard upon the merits, and a contention that because of the second sentence said board was without jurisdiction to hear the application was untenable and an order will be granted requiring said board of parole to pass upon relator's application at their next meeting and that relator be given an opportunity to be heard in the matter.

APPLICATION for parole.

*Beecher S. Clother* and *Harold H. Corbin,* for relator.

*E. G. Griffen, Deputy Attorney-General,* for defendants.

4

SALISBURY, J.:

The relator, a prisoner confined in Great Meadow Prison, asks for an order of this court requiring the respondents, constituting the Board of Parole of the State of New York, to convene as such board to reconsider their action of February 20, 1917, on the application of the relator for parole and to permit the relator to be heard upon the merits of his application for parole.

The relator was convicted of forgery in the Supreme Court of Kings county on November 29, 1912, and received an indeterminate sentence in the State prison of not more than five years and five months and not less than two years, eight months and fifteen days. He was received at Sing Sing Prison on December 2, 1912. On July 2, 1914, he was transferred to Great Meadow Prison, at Comstock, N. Y. While there he was indicted in the Kings County Court for a forgery committed prior to the commission of the forgery for which he has been sentenced. On November 6, 1914, he was taken from said prison to Brooklyn on the second indictment, where, after a plea of guilty, he was sentenced to a definite sentence of two years "to commence immediately upon the termination of the first sentence."

It is conceded upon the argument that the relator duly and regularly made application to the Board of Parole for State Prisons, and that the board refused to entertain his application upon the ground that because of the imposition of the second sentence they had no jurisdiction to hear his application.

Section 212 of the Prison Law provides, among other things, that "each prisoner confined in the State prisons may one month prior to the expiration of the minimum term of his sentence, make application to the board   *   *   *   for his release upon parole."

The first sentence pronounced upon the relator did not expire until the expiration of five years and five months; and notwith-

standing any action that the Parole Board may have taken in the matter of parole the relator was still " in the legal custody and under the control of the agent and warden of the State prisons  *  *  *  until the expiration of the maximum term." The statute having given to the relator the right to apply for parole, and having made no exception, permits him to make such application if made in pursuance to the statute and to the rules and regulations of said board. He was entitled to have action taken by said board upon the merits of his application. They had the right to grant or refuse such application, but it was their duty to make a determination upon the merits.

The prisoner has been deprived of the right given him by statute. The board should convene and pass upon his application.

An order may be made requiring the Board of Parole of State Prisons at their next meeting to pass upon the application of the relator for parole, and that relator be given an opportunity to appear before said board and be heard concerning his right to parole.

Ordered accordingly.